Good morning. My name is Louis Dell. I represent the plaintiff, the appellant in this matter. This is a case which involves a civil rights violation of privacy involving a mother and her son, which were involved in a DCSF or children's neglect type of investigation. The facts of this particular case are even stronger than what was set forth in Gonzalez v. Spencer, which was the case which was relied on by the appellant in this case in support of her civil rights violation claim. Whereas the facts in Gonzalez v. Spencer involve just the mere access of a dependency court file by a private attorney that represented the County of Los Angeles, and the Ninth Circuit found that that constituted a civil rights violation of privacy. In the instant case, we have more than just mere access by a... In the Spencer case, did the statute specifically provide that the attorney would have a right of access to the file? No. Is that different in this case? It is different in one respect, as far as what could be done with that file once it was accessed. I... Let me... She was required to make, in the second child case, two defendants were required to make a report, right? That's correct. And how do they... What do they do if one of the main witnesses has something in the background that, you know, they know of? Here's what you do. And I think that this question refers to the Christian P case, which we were asked...  I don't disagree that a social worker who is conducting an investigation has a right to investigate other investigations or other files, perhaps, that may be relevant. So I don't disagree with the results of the Christian P case. In this case, the target of the second investigation, it was a criminal investigation, wasn't it? It was a... All we know is that it was a... Involving possible sexual abuse. We don't know... Father and daughter, right? Right. And so, how do you get around either the obligation of... If the state did not produce information that one of the main witnesses had, you know, had something in their background, isn't there a real Brady issue in that? No. Because, let's look at what was divulged in this case. It was divulged that the witness, my client in this case... Son had tried... Son had tried to commit suicide. What relevance does that have to whether the credibility of the son's, my client's, the mother in this case... The target in the second investigation believed that your client had put the daughter up to the story about having been raped by the father. Okay. And so, isn't, in terms of cross-examining your client in his case, isn't that relevant information? Or, more directly, isn't it relevant information, maybe not directly relevant, but somewhat relevant to the people investigating the charge against the father? Not the disclosure that there was another case pending. It's okay to disclose the names of witnesses. Nobody's complaining about that. If there was a witness involved, then that has to be disclosed under Brady. Well, in typical, I mean, in a suicide case, isn't the investigation really of your client? So, what circumstances at the home caused the child to consider suicide? I think that would be within the scope of a DCSF investigation, absolutely. But the real target's your client, not really the child. No, I think that the target is, there's not necessarily a target. There's a scope of investigation which asks the question, what's wrong with this child? Is it something that his parents are doing? Is it something that's happening in school? Does the child have some sort of affliction or disease or disorder or mental problem that he had from birth? So all of these things would be something which, as a DCSF investigator, I would want to know. And that would include, of course that would include, what is the parent's involvement? What did they know about their son's condition? Maybe they can shed some light on it. Those things are all proper, but what is improper is taking information or taking the fact that there is an investigation and disclosing that in another investigation. And, for example, in police reports, you know, those are confidential as well. Why can't police in one case disclose confidential information of arrests and other things in another case? They can't, even though... I'm not sure that's true. I think they actually, they have an obligation to. So if they have a witness against a criminal defendant and they know that the witness against the criminal defendant has an indictment pending against that witness, I think there is an obligation to disclose that. Well, but even in the context of an investigation such as this, a juvenile case, a dependency case, that is, would then a social worker be able to disclose carte blanche, whatever he or she wanted to, about any other investigation regardless of the relevance of that? Or wouldn't it be... Our privacy rules require that although the investigator or the social worker has access to that information, that he or she must first get permission from the court to disclose that to the other party, that information to the other parties, as was done in the Christina case. Before disclosure was made... In the Christina case, the result was the court found that the social worker had a right, basically a right, what they called a general access. Are you talking about Christian? I'm sorry, Christian. I apologize for mispronouncing the case. In the Christian P case, they had a right of general access. But what wasn't held in the Christian case was that they had a right to disclose it to the parties without petitioning the court. In this case, the defendants didn't directly disclose it to the parties, did she? Oh, they did. They just prepared the report and then the court itself or the investigating agency gave a copy to the father. The investigating agency is DCSF, which includes the social workers. And when those reports are made, they're placed in a basket in the juvenile court, dependency court, and then the private attorneys that represent the parties go over the report with the parties. And that's how, in this case, the Moutons, who were the subject of the investigation, approached my client and dealt with her about what they found out, what she told the social worker, and also about the fact that her son had attempted suicide, which should never have happened. Well, just so I can understand, because I'm not familiar with the juvenile court, dependency court proceedings, what you've said is helpful. Going back to Christian P, and I thought you said the two social workers in this case, there's no dispute that they had the right to access both files, is that correct? They were writing a report on one and they had access to the other. I agree. And so what you're saying is that in writing the report, if they deemed it relevant, which they apparently did, to include the information about the related family, I mean, in that sense, their related mother, father, separated and all that, and in a dispute between each other, they put in the information about the suicide in the father's sexual abuse investigation. And that goes into, you say, a basket that is accessible to the father's attorney in that proceeding. That's correct. Okay. Now, what is the process for them to get clearance? Where is the authority, the stricture under the state law that says that before they put that in, they had to go to the court to disclose it in the report that they were delivering in the father's proceeding? I believe they have to go through welfare and institutions. So what do you mean you believe? Why? Where does it specify to them that before they can put into a report of a current investigation what they believe to be relevant family information that was gleaned from a prior investigation? It's the Petition Procedure set forth in Welfare and Institutions Code 827. And what does that say? It says that following people have access to the case file. And it also uses the word inspect. I treat that the same as access. All right. So then it talks about what happens if you want to copy or use that information. And that's when it starts getting into you have to petition the court. How do you deal with the language in that unless it is used in connection with and in the course of a criminal investigation in Section 827? Well, the – I mean, isn't that what was happening here? It was being used in the course of a criminal investigation? No. It was – I would point out that what this is – what was being used for is another dependency action. If there was a criminal case pending, it's not in the record, and there's no evidence that it was being used for a criminal case. And so what this – in the course of a criminal investigation or a proceeding brought to declare a person a dependent child or a ward of the juvenile court. In order to make sense out of Welfare and Institutions Code 827, we have to use kind of as Christian P. did, common sense. That the fact that we allow social workers to have basically general access to the case files does not give them carte blanche to start informing everyone else, including the minor's parents or guardian, in a separate case of everything they know about another case. How did it actually happen? They prepared the report. Who did they give the report to? They're required by law to give the report to the – Did they physically or did they turn it in to some supervisor or to some judge? Who did they specifically give it to? They give it under the – there's nothing where they come up and hand the parents the report. The way it works in dependency court is there's a basket, and it's usually on the right side of the courtroom. And I know this because I've done dependency cases. And all of – there's a stack of case reports with a number on it. And you go in and whatever your case number is, you find it, and that's your copy. And by law, you're required to show that information to your – or your client has a right to have access to that report, which they should because it's their case, their children that are being maybe separated them forever. So what goes in that – so that's the process, and that's how they give it to you. The fact that it goes into a basket first, I don't see breaks the chain of causation of an investigator knowing that that report is going to go to the litigants in the case. You're about to run out of time. So this is where I was driving, and maybe Judge Gwinn as well. The statute says that dissemination, which is what you're relying on, except in the case of crime or proceeding brought to declare a person a dependent child or were to the court, which was the proceeding involving the father, correct? Involving somebody else, not my client or her child. Oh, I understand. Yes. Okay. Well, unless it is used in connection with, it doesn't say necessarily the same – the subject of the disclosure is – it has to be a proceeding. It just says a proceeding. Okay. So how – the bottom line is, how do these social workers know that they're violating a federal right of privacy by following the procedures that have been set out by the agency, which is they fill out a report and it goes into the dependency court. Where is it clear that they're supposed to go in and before they put that report into the box, that they have to go to a juvenile court judge to get approval to do that? Whenever you are a social worker and you disclose somebody else's case information into another case file, that's no different than walking outside the courthouse door and saying, this is what I found because I have access to it and I can tell you what's going on. And you're saying that 827A4 doesn't direct them to think that it's – as long as they're disclosing it to the court? No, absolutely. They're disclosing it to the court and to the parties, this information. If they were just disclosing it – It says they can disseminate it in the course of a criminal investigation brought to declare a person a dependent child or a ward. It's clear that this statute, that language that the court is reading, has to do with the case involving what's at issue there, not somebody else's case. Otherwise, the statute would make no sense. There would be no reason for privacy because one case would suddenly open the door to getting information public on another case. So there has to be some common sense reading and connection that that statute is applying to only the case that's at issue, not to my client's case. Thank you. So if this information about the son's suicide had come up from interviews with the father and it was put into the public file and it was used in the proceeding involving him, that would have been okay. Let me think about that. You're saying the information was drawn from the file involving the question about the son's suicide and involved the mother. Right. Okay. If the father had independent knowledge that my client's son had attempted suicide, there's absolutely nothing that would prevent the social workers from putting that in the father's report because he knows that. But what the social worker cannot do is take information in my client's case file, you should say, and put that information, stick that information in another court file. Okay. Thank you. Calvin House for the County of Los Angeles. I think the previous discussion has shown that there is no prohibition in state law along the lines of what the appellants have been urging throughout this case. What happened here is what happens in every case in which social workers at the Department of Children and Family Services are required to investigate an allegation of child abuse. They gather all of the information available and present it to the court, which in turn has to present it to the parties to the proceeding, in order to decide what is in the best interest of the child. And if we were to move to a federal right in California that bars social workers from using information that is sitting in their database in another case than the one that it's gathered in, either the juvenile courts would grind to a halt because the social workers would have to go in twice a day to get permission in order to use the information, or they would stop using it, and then they wouldn't be able to present relevant information. Because what happens in every case is that the social workers immediately go to their database and find out what information there is in the family. And if I understand what appellants are saying, if they find that there was a previous case, they can look at it, but before they can do anything with it, they would have to go into the juvenile court, find a judge to tell them it's okay for you to use it. And there's nothing in the statute that says that. And there's certainly nothing in federal law that says you violated somebody's civil rights by doing that. Your counsel has said, well, that just gives them carte blanche to put damaging information about a family into a totally unrelated case, and it goes into this box, and it's automatically open to the public. You're saying they go to their database and look for information from all sources relevant to the proceeding. Is there some kind of limitation on the scope of what they can disclose, some relevancy standard? Well, in the sense that when they write up the report, there's nobody standing there telling them this can go in, that cannot. In terms of the way that they go about doing their jobs, they gather relevant information. And if we were presented with a situation where a social worker was out to do damage to somebody and engaged in an intentional wrongful act, I think we'd have a different case. But there's nothing to suggest that here. These social workers were doing their jobs. Information came to their attention. They looked into it. They found that there was this prior referral and relayed that information to the court. Well, how was that relevant to doing their job? It had to do with a principal witness to the conduct that was being alleged in the case they were investigating. It is a reason that that witness might have had something against the Department of Children and Family Services. She herself had been investigated. Therefore, there might be a motivation for her to urge the mother in that case to do something about it. You're talking now about whom? The appellant was a friend of the mother who made the allegation of child abuse. The social workers discover that the friend, that the appellant, there had been a case that was briefly investigated. It apparently didn't turn into anything. There wasn't any disposition of it. That was Mola, huh? Correct. That's one of the appellants. Right. So they discover information that she had some previous interaction with the Department of Children and Family Services. That's relevant information to somebody who is trying to assess the credibility of the statements being made, that she had some prior interaction with the department. Credibility of whose statement? Of the appellant's statement, of Mola's statement. And what her motivation was in she, according to. Well, that file was closed, wasn't it? Pardon? Wasn't that closed? The investigation with regard to the appellant had been closed. Correct. There's nothing ongoing, but there was previous interaction with the department. So. So the theory is that Mola had prompted the investigation into the. There are some statements that indicate that she urged the mother, in the case that was being investigated, to bring the charges and had some information with regard to how the child appeared one time when she saw the child. And I think that the department would be. Was Mona, using her first name, was she going to be a witness in that proceeding, or she was just a motivator or an actor who's. As I understand it, she had information that was relevant to the determination. Well. And so she's a witness in this. She thought she saw this child behaving strangely. Right. But that's why I'm asking. She was a contemplated witness. If it had gone to a judicial proceeding. Not just simply an instigator. Right. Who had. It was in the background. It would never appear in the proceeding, but it was going to impeach the motive of the mother who had. Right. I see. That's right. But the conclusion was that. That not much weight was placed on her. Mona's comments. The file was closed. Correct. Well, we know that now. We don't know that when the investigation is going on and the child social workers are preparing their reports for court, where their obligation is to present all the information. They can't pick and choose what they're going to disclose. They have to disclose everything that they discover that relates to the issues that are before the court. That's the issues involving this young lady. The one that our social workers were investigating. Correct. And that was whom? I don't know that we have a name for the person in the record. I'm not sure whether that's part of the record or not. But there was an allegation that there was sexual abuse by the father. I think it's named A.M. A.M. Yeah. Okay. Yeah. So there was our, the social workers who are defendants in this case, the child social worker was investigating and the supervisor was supervising the investigation of those allegations. In the course of their investigation, they come upon information from Mona, as she's referred to in the reports, and as part of their investigation, they discover that she had previous interaction with the department. That's basically what happened. And if we were to come to a point where it's a violation of federal rights for a social worker to do that, as I say, we're either going to have a constant proceedings in dependency court where social workers are asking permission to use the information or they're going to stop doing their jobs and not look at information from other investigations. As 827A4, I think that's the right, has that been construed in any way to articulate the standards for dissemination? Counsel has urged that it's read and understood to apply only to the case at issue. Is there some judicial construction of that? I haven't seen anything in that regard. The end result would be that apparently even investigations of the same family would be a problem, and it is not an uncommon occurrence in a DCFS case that the family has several prior referrals. And if the rule is that you've got to go back and get permission for any investigation, then you're going to be foreclosing them from presenting information about previous investigations of the same family. So I don't see how the statute could possibly be read that way because it would interfere with the way social workers go about doing their business. The dependency court, the department, are cognizant of the importance of keeping the information confidential, and they keep it to themselves and they present it to the court. But as a matter of due process, you've got to provide the information that the court has been presented with to the other parties with an interest. And that's all that happened in this case. If there are no further questions. Thank you. Thank you. Your time is up.
judges: Gwin, Pregerson, Fisher